IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JETSTREAM OF HOUSTON, INC., a Delaware corporation, GUZZLER MANUFACTURING, INC., an Alabama corporation, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 08-CV-7380<br>)<br>) Hon. Joan H. Lefkow |
| v. | )<br>) |
| AQUA PRO INC., an Indiana corporation, API SERVICES, INC., a Kentucky corporation, DEBRA KOONS and NATHAN KOONS, | )<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiffs Jetstream of Houston, Inc. ("Jetstream") and Guzzler Manufacturing, Inc. ("Guzzler") brought suit against defendants Aqua Pro, Inc. ("Aqua Pro"), API Services, Inc. ("API"), Debra Koons, and Nathan Koons (collectively, "the Koons") as a result of Aqua Pro's default on several secured installment notes ("the Notes"), its refusal to relinquish collateral, and the Koons' failure as guarantors to pay the outstanding debt. Counts I and II seek an order of replevin and injunctive relief against all defendants. Counts III and V allege that Aqua Pro defaulted on the Notes, and Jetstream and Guzzler request judgment for the balance due and other fees and costs. Counts IV and VI allege that the Koons breached guarantees on the Notes, and Jetstream and Guzzler request judgment for the balance due and other fees and costs. Aqua Pro, API, and the Koons have moved to dismiss the complaint for lack of personal jurisdiction and improper venue pursuant to Federal Rules of Civil Procedure 12(b)(2) and (3). For the reasons set forth below, both motions [#15 and 16] are denied.

# I. JURISDICTION

According to the complaint, Jetstream, a Delaware corporation, and Guzzler, an Alabama corporation, have their principal places of business in Oak Brook, Illinois.[1]  Aqua Pro is a dissolved Indiana corporation that had its principal place of business in Floyds Knobs, Indiana, and API is a Kentucky corporation with its principal place of business in Floyds Knobs, Indiana.[2] The complaint alleges that Debra Koons resides in Simpsonville, Kentucky, and Nathan Koons resides in New Albany, Indiana.[3]  Debra Koons is the sole incorporator, officer, and shareholder of both Aqua Pro and API.  The court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

# II. ALLEGATIONS

**A. The Notes**

Between December of 1998 and March of 2000, Aqua Pro purchased equipment from Jetstream and Guzzler on multiple occasions.  Jetstream and Guzzler financed these purchases and, to secure payment, required that Aqua Pro execute the Notes, in which Aqua Pro granted a security interest in the purchased equipment and promised monthly payments of varying amounts

---

[1] Both Jetstream and Guzzler are subsidiaries of Federal Signal Corporation, a Delaware corporation with its principal place of business in Oak Brook, Illinois.

[2] API attaches to its motion its Articles of Incorporation, listing Louisville, Kentucky as its principal place of business, not Floyd Knobs, Indiana as alleged.  *See* Defs. API, Debra Koons, & Nathan Koons's Mot. to Dismiss Ex. C.

[3] The Koons' have provided the court with affidavits stating that they are citizens of Floyds Knobs, Indiana.  *See* Defs. API, Debra Koons, & Nathan Koons's Mot. to Dismiss Exs. A-B.

and duration.[4] In addition to stating Aqua Pro's obligations under the Notes, the Notes contained the following paragraph governing enforcement of the Notes:

> This Note is made at Oak Brook, Illinois and shall be interpreted in accordance with the laws of the State of Illinois. Borrower irrevocably agrees to submit to the jurisdiction of the courts of the State of Illinois and Service of Process by Certified Mail. Borrower hereby acknowledges and agrees that Illinois is the proper venue in the event a lawsuit is necessary to enforce the parties' rights and obligations under this Note.

Pls.' Resp. to Mot. to Dismiss Exs. A-H.

Aqua Pro failed to make the required payments under the Notes, and, consequently, Jetstream and Guzzler declared Aqua Pro to be in default.[5] Jetstream and Guzzler repossessed all of the equipment except two Jetstream 3615D waterblasters, sold the equipment, and applied the proceeds to the balance due under the Notes. As of December 3, 2008, the total amount due under the Notes was $1,008,841.75 exclusive of interest and costs. In their complaint, Jetstream and Guzzler allege that Aqua Pro has refused to pay the balance due under the Notes or return the two Jetstream waterblasters still in its possession.

**B. The Koons' Guarantees**

For each secured installment note entered into by Aqua Pro, the Koons contemporaneously executed a document entitled "Personal Guarantee" ("the Guarantees"). The Guarantees provide that "the undersigned hereby unconditionally guarantees the full and prompt payment of the Liabilities [] as defined in the foregoing Installment Note and agrees to pay all

---

[4] Each note specified a monthly payment amount, with payments beginning one month after acceptance of the equipment. The duration of the payments was 48 months in some notes and 60 months in others.

[5] Aqua Pro acknowledged receipt of all equipment sold by Jetstream and Guzzler.

costs, expenses and attorneys' fees incurred by holder in collecting the same and in enforcing this Guarantee." Pls.' Resp. to Mot. to Dismiss Exs. A-H. Unlike the Notes, the Guarantees do not include the same venue and jurisdiction provision. Rather, the Guarantees state only that "[t]he validity and construction of this guarantee shall be governed by the laws of the State of Illinois." *Id.* The Koons have not made payment to satisfy the balance due under the Notes.

### III. ANALYSIS

In ruling on motions to dismiss for lack of personal jurisdiction and improper venue pursuant to Rules 12(b)(2) and (3), the court may consider matters outside the pleadings, such as affidavits and other materials submitted by the parties. *Purdue Research Found.* v. *Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *Citadel Group Ltd.* v. *Washington Reg'l Med. Ctr.*, No. 07-CV-1394, 2008 WL 5423553, at *2 (N.D. Ill. Dec. 29, 2008) (citing *Interleave Aviation Investors II (Aloha) LLC* v. *Vanguard Airlines, Inc.*, 262 F. Supp. 2d 898, 913 (N.D. Ill. 2003)). The plaintiff bears the burden of establishing personal jurisdiction and proper venue. *Purdue,* 338 F.3d at 782; *Citadel*, 2008 WL 5423553, at *2. Where no evidentiary hearing has been held, however, the plaintiff only needs to make a *prima facie* showing that personal jurisdiction exists. *Purdue,* 338 F.3d at 782. In evaluating whether the *prima facie* standard has been met, the court resolves any dispute regarding relevant facts in favor of the plaintiff. *Id.* (citing *Nelson* v. *Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir.1983)).

**A.    Aqua Pro**

Aqua Pro argues that it did not submit itself to the jurisdiction of Illinois courts by signing the Notes and that it did not have sufficient contacts with the State of Illinois for personal jurisdiction to be appropriate. Additionally, Aqua Pro argues that Illinois is not a proper forum

4

for resolving this dispute. Because the forum selection clause in the Notes was unambiguous and contained obligatory language, Aqua Pro's arguments must be rejected.

In the Seventh Circuit, "a forum-selection clause will be enforced unless enforcement would be unreasonable or unjust or the provision was procured by fraud or overreaching." *Paper Express, Ltd.* v. *Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992); *see also Calanca* v. *D & S Mfg. Co.*, 510 N.E.2d 21, 23, 157 Ill. App. 3d 85, 109 Ill. Dec. 400 (Ill. App. Ct. 1987). "[W]here venue is specified with mandatory or obligatory language, the clause will be enforced." *Paper Express*, 972 F.2d at 757. When the contract specifies the jurisdiction but does not address venue, "the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive." *Id.*

By signing the Notes, Aqua Pro "acknowledge[d] and agree[d] that Illinois is the proper venue in the event a lawsuit is necessary." The Notes also state that Aqua Pro "irrevocably agree[d] to submit to the jurisdiction of the court of the State of Illinois." Aqua Pro cites to *Paper Express* to argue that the language pertaining to venue and personal jurisdiction is "permissive," rather than "mandatory." *See Paper Express*, 972 F.2d at 755-56. The issue in *Paper Express*, however, was whether a clause that established personal jurisdiction but failed to provide for venue set a mandatory forum for resolving a contract dispute. *Id.* at 755-57. In the instant case, the Notes specifically provided that Aqua Pro agreed Illinois was the proper venue *and* that Aqua Pro agreed to submit to jurisdiction in Illinois.

Contrary to Aqua Pro's assertions, the forum selection clause is mandatory. The venue provision of the forum selection clause reads that "Illinois is *the* proper venue." Pls.' Resp. to Mot. to Dismiss Exs. A-H (emphasis added). Had alternative forums been contemplated under

this provision, the drafters would have used truly permissive language such as "Illinois is a proper venue" or rephrased it as "venue is proper in Illinois." *See Frietsch* v. *Refco, Inc.*, 56 F.3d 825, 829 (7th Cir. 1995) (finding exclusive jurisdiction where "the clause says 'place of jurisdiction' is Germany, not 'a place of jurisdiction is Germany'"); *cf. Moran Indus., Inc.* v. *Higdon*, No. 07 C 6092, 2008 WL 4874114, at *4 (N.D. Ill. June 26, 2008) (finding forum selection clause permissive where it stated only that party "agrees and consents to the jurisdiction and venue of the United States District Court for the Northern District of Illinois"). Here, the definite language and phrasing of the venue provision indicates beyond question that no other forum was contemplated. Moreover, the forum selection clause states that Aqua Pro "*irrevocably* agrees to submit" to Illinois jurisdiction. Pls.' Resp. to Mot. to Dismiss Exs. A-H (emphasis added). This jurisdictional provision secures Illinois as the exclusive forum by requiring Aqua Pro to submit to the court's jurisdiction in "the proper venue." *Id.* As a result, the forum selection clause is valid and binding on Aqua Pro. The court therefore will deny Aqua Pro's motion to dismiss for lack of personal jurisdiction and improper venue.

**B.    The Koons**

    **1.    The Forum Selection Clause**

The Koons argue that the forum selection clause in the Notes was not binding on them as guarantors. Specifically, they argue that the Guarantees did not incorporate the forum selection clause from the Notes, but instead only established that Illinois law would govern any interpretation of the Guarantees. In response, Jetstream and Guzzler argue that *United Airlines, Inc.* v. *ALG, Inc.* supports a finding that the forum selection clause in the Notes also applies to the Koons.

6

*United* involved a sublease agreement that contained a forum selection clause that neither expressly applied to the guarantor of the sublease nor was signed by the guarantor. 873 F. Supp. 147, 151 (N.D. Ill. 1995). In addition, the guarantee itself did not contain a forum selection clause. *Id.* The court found, however, that based on "the unconditional nature of the guarantee, and [the guarantor's] knowledge of the subsequent Sublease" the forum selection clause applied to the guarantor. *Id.* at 151-52. In support, the court relied on a case in which the guarantee was for "the full payment, performance, and observation . . . of all agreements," *id.* at 151 (quoting *Ameritrust Co. Nat'l Ass'n* v. *Chanslor*, 803 F. Supp. 893, 895-96 (S.D.N.Y. 1992) (internal quotation marks omitted)), and a case in which the guarantor "agreed to assume every obligation under the contract." *Id.* (citing *Lemme* v. *Wine of Japan Imp., Inc.*, 631 F. Supp. 456, 460-61 (E.D.N.Y. 1986)).

The Koons contend, and the court agrees, that *United* is distinguishable on two grounds: (1) the guarantor in *United* unconditionally guaranteed performance of all contractual obligations, whereas the Koons guaranteed only "full and prompt payment of the Liabilities"; and (2) unlike the guarantee in *United*, the Guarantees contained a choice of law provision but failed to mention venue or jurisdiction. Although the Notes define "Liabilities" as "Borrower's obligations and liabilities to Lender under this Note, and all other obligations of Borrower to Lender or any of Lender's affiliates," Pls.' Resp. to Mot. to Dismiss Exs. A-H, the Koons only agreed to payment, and not performance, of all Aqua Pro's obligations under the Note. The guarantee thus did not clearly contemplate the Koons' assumption of Aqua Pro's commitment to adjudicate any disputes arising out of the Notes in Illinois.

7

Further, the fact that the Guarantees included a choice of law provision but not a forum selection clause distinguishes this case from *United* and the cases relied on therein, as the guarantees in those cases did not include a choice of law provision. *See United*, 873 F. Supp. at 151; *Ameritrust*, 803 F. Supp. at 895; *Lemme*, 631 F. Supp. at 461. In one of the cases cited in *United*, the court distinguished the guarantee at issue from one in which "the guaranty agreement contained only a choice of law provision [making it] reasonable to conclude that the parties had carefully distinguished between the two documents." *Lemme*, 631 F. Supp. at 461 (contrasting *Pal Pools, Inc.* v. *Billiot Bros., Inc.*, 57 A.D.2d 891, 891 (N.Y. App. Div. 1977)). The same distinction is relevant here. The Notes provide that Illinois law applies, the "*Borrower* irrevocably agrees to submit to the jurisdiction of . . . Illinois," and the "*Borrower* . . . agrees that Illinois is the proper venue."[6] Pls.' Resp. to Mot. to Dismiss Exs. A-H (emphasis added). On the contrary, the Guarantees provide only that "the validity and construction of this guarantee shall be governed by the laws of the State of Illinois." *Id.* By including the same choice of law provision from the Notes, albeit with slightly different language, but omitting the venue and jurisdiction provisions, the natural conclusion is that the parties distinguished the enforcement procedure under the Notes from the enforcement procedure under the Guarantees. This conclusion is reinforced by the use of the subject "Borrower" when addressing venue and jurisdiction under the Notes. Therefore, the court finds that the parties did not intend Illinois to be the exclusive forum for enforcing the Guarantees executed by the Koons.

---

[6] "Borrower" is defined in the Notes as Aqua Pro, Inc.

**2.  Personal Jurisdiction**

Because the forum selection clause does not apply to the Koons, the next issue is whether this court has personal jurisdiction over them.  A federal district court sitting in diversity has personal jurisdiction "only if a court of the state in which it sits would have such jurisdiction." *Klump* v. *Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995) (citation omitted) (internal quotation marks omitted).  This determination involves two steps.  First, the court must determine whether personal jurisdiction is permitted under Illinois law.  The Illinois Long-Arm statute reaches broadly and permits courts to exercise personal jurisdiction "on any [] basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."  735 Ill. Comp. Stat. § 5/2-209(c).  Under the due process clause of Illinois's Constitution, courts can assert personal jurisdiction if "it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois."  *Rollins* v. *Ellwood*, 565 N.E.2d 1302, 1316, 141 Ill.2d 244, 152 Ill. Dec. 384 (1990).  The Seventh Circuit has noted that it is highly unlikely that the Due Process analyses under the Illinois and United States Constitutions will differ.  *Hyatt Int'l Corp.* v. *Coco*, 302 F.3d 707, 715 (7th Cir. 2002).

The second step of the analysis requires the court to determine whether personal jurisdiction comports with the Due Process Clause of the United States Constitution.  The court may exercise personal jurisdiction over defendants that have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.* v. *Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945) (quoting *Milliken* v. *Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940)).

Minimum contacts exist where "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp.* v. *Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). Courts have "general" jurisdiction when the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A.* v. *Hall*, 466 U.S. 408, 416, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984). Alternatively, the court has "specific" jurisdiction "if the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (citations omitted). Ultimately, though, personal jurisdiction may only be asserted if it is not "unreasonable or unduly prejudicial—i.e., that it comport[s] with traditional notions of fair play and substantial justice." *United*, 873 F. Supp. at 152.

The Koons argue that they are non-resident defendants with no connections to Illinois and thus they lack the minimum contacts necessary for the court to assert personal jurisdiction. This argument is unpersuasive, however. In *United*, the court had personal jurisdiction where the defendant "guarantee[d] an obligation that incorporated Illinois law and contained a forum selection clause." *Id.* Because the defendant "interjected" itself into a contractual relationship in which there was a defined forum, there were "sufficient contacts to justify an assertion of jurisdiction." *Id.* Likewise, the Koons guaranteed multiple secured installment notes in which it was agreed that the Notes were made in Illinois, would be interpreted under Illinois law, and would be litigated in Illinois pursuant to the forum selection clause. In addition, the Guarantees themselves contained a choice of law provision stating that Illinois law applied, and the

10

underlying purpose of the Guarantees was to guarantee payment to Illinois companies in the case of Aqua Pro's default. In light of these circumstances, it is clear that the Koons purposefully engaged in activities that affected Illinois interests by executing the Guarantees and could "reasonably anticipate being haled into court" in Illinois as a result. *See World-Wide Volkswagen*, 444 U.S. at 297. Moreover, it is the Koons' alleged failure to comply with the Guarantees that gave rise to Jetstream and Guzzler's claims. As such, there are sufficient contacts with Illinois for this court to exercise specific personal jurisdiction over the Koons. *See Burger King*, 471 U.S. at 472; *United*, 873 F. Supp. at 152. And, because the Koons's activities directly implicated the financial interests of Illinois companies, it is "fair, just, and reasonable" to bring the Koons under the jurisdiction of Illinois courts, and such jurisdiction "comport[s] with traditional notions of fair play and substantial justice." *United*, 873 F. Supp. at 152.[7]

3. **Venue**

The Koons also claim that Illinois is an improper venue for this suit because the property at issue is not located in Illinois, and the breach of the Notes did not occur in Illinois. Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a). Additionally, if "multiple causes of action are joined, venue must be proper as to each one." *Moran Indus., Inc.*, 2008 WL 4874114, at *5 (quoting *Payne* v. *Mktg. Showcase, Inc.*, 602 F. Supp. 656, 658 (N.D. Ill. 1985)) (internal quotation marks omitted).

---

[7] The Koons also argue that Jetstream's and Guzzler's claim for replevin is a purely economic injury, and that evidence of the Koons' intent to affect interests in Illinois must be shown for jurisdiction to be appropriate. Because personal jurisdiction over the Koons is appropriate based on the Guarantees, this argument need not be addressed.

11

The court must first determine whether venue is proper for enforcing the Guarantees. The basic purpose behind the Guarantees was to guarantee that Jetstream and Guzzler would receive all payments due under the Notes, which were "made at Oak Brook, Illinois," in the case of Aqua Pro's default. And, if Aqua Pro defaulted, the Guarantees obligated the Koons to make payment to Jetstream and Guzzler, both Illinois companies. Therefore, a substantial portion of events giving rise to the claim for breach of the Guarantees occurred in Illinois: (1) Aqua Pro purchased property from Illinois companies; (2) in order to purchase the property, Aqua Pro executed the Notes which were made in Illinois; (3) the Koons guaranteed the Illinois Notes; (4) Aqua Pro defaulted on the Illinois Notes, triggering the Koons' obligation as guarantors to make payments; and (5) the Koons failed to make payments to the Illinois companies for whom the Guarantees were executed. Other courts within this circuit have found venue appropriate in similar circumstances. *See, e.g.*, *RM Petroleum, Inc.* v. *LA Oasis, Inc.*, No. 03 C 3358, 2004 WL 406984, at *6 (N.D. Ill. Feb. 5, 2004) (Illinois was a proper venue when, *inter alia*, guarantor failed to pay an Illinois company pursuant to a guarantee executed in Indiana); *Fountain Mktg. Group, Inc.* v. *Franklin Progressive Res., Inc.*, No. 96 C 2647, 1996 WL 406633, at *5 (N.D. Ill. July 16, 1996) (Illinois was a proper venue when a guarantor failed to make required payments to an Illinois company "even though the [guarantor's] activities in another forum might be more significant"). Additionally, the same events that make venue appropriate for enforcing the Guarantees also make venue appropriate for Jetstream and Guzzler's count for replevin, even though the property is not located in Illinois. *See Merrill Lynch* v. *Gray Supply Co.*, Nos. 91 C 1449, 91 C 1554, 1991 WL 83832, at *3 (N.D. Ill. May 8, 1991) (a replevin action that arose out of a contract claim was

"transitory," thus making Illinois a proper venue despite the fact that the property was located in another state).

The Koons point to events that occurred outside Illinois for arguing improper venue, such as that discussions did not occur in Illinois, the contracts were not signed in Illinois, and that the property in dispute is not located in Illinois. This argument ignores that "[t]he test is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a *substantial portion* of the activities giving rise to the claim occurred in the particular district." *TruServ Corp.* v. *Neff*, 6 F. Supp. 2d 790, 792 (N.D. Ill. 1998) (citing *Pfeiffer* v. *Insty Prints*, No. 93 C 2937, 1993 WL 443403, at *2 (N.D. Ill. Oct. 29, 1993)) (emphasis added). Accordingly, Illinois is a proper venue for Jetstream's and Guzzler's claims against the Koons because a "substantial portion" of the events leading to this dispute occurred in Illinois.

**C.     API**

Lastly, API argues that the forum selection clause in the Notes does not apply to it, the court does not have personal jurisdiction over it, and venue is improper. Jetstream and Guzzler respond by arguing that API is the successor corporation of Aqua Pro, and thus the Notes, including the forum selection clause, should be imputed to API.

The Seventh Circuit has acknowledged that a "successor corporation has chosen to stand in the shoes of its predecessor and has chosen to accept the business expectations of those who have dealt previously with that predecessor." *Purdue Research Found.*, 338 F.3d at 784; *see also Apollo Galileo USA P'ship* v. *Am. Leisure Holdings, Inc.*, No. 07 C 4403, 2009 WL 377381, at *7 (N.D. Ill. Feb. 11, 2009) ("[A] number of other courts, including the Seventh Circuit, have applied the rationale of successor liability to exercise personal jurisdiction over a nonresident

defendant."). As a result, a successor corporation "can be expected to be haled into the same courts as its predecessor." *Purdue Research Found.*, 338 F.3d at 784. Illinois law recognizes an exception "to the general rule of successor corporate nonliability . . . where the purchaser is merely a continuation of the seller." *Vernon* v. *Schuster*, 688 N.E.2d 1172, 1175, 179 Ill.2d 338, 228 Ill. Dec. 195 (1997) (citing *Steel Co.* v. *Morgan Marshall Indus., Inc.*, 662 N.E.2d 595, 599, 278 Ill. App. 3d 241, 214 Ill. Dec. 1029 (Ill. App. Ct. 1996)). Thus, a successor corporation may be liable for the acts of its predecessor if "the purchasing corporation maintains the same or similar management and ownership, but merely 'wears different clothes.'" *Id.* at 346 (citing *Bud Antle, Inc.* v. *Eastern Foods, Inc.*, 758 F.2d 1451, 1458 (11th Cir. 1985)). The test is "whether there is a continuation of the corporate entity of the seller and not whether there is a continuation of the seller's business operations." *Diguilio* v. *Goss Int'l Corp.*, 906 N.E.2d 1268, 1277, 389 Ill. App. 3d 1052, 329 Ill. Dec. 657 (Ill. App. Ct. 2009) (citing *Vernon*, 688 N.E.2d at 1176). Accordingly, the test for whether the successor corporation is a continuation focuses on "a common identity of officers, directors, and stock between the selling and purchasing corporation." *Vernon*, 179 Ill.2d at 346-47 (quoting *Tucker* v. *Paxson Mach. Co.*, 645 F.2d 620, 625-26 (8th Cir. 1981)) (internal quotation marks omitted).

According to Debra Koons's affidavit, she is the sole incorporator, sole officer, and sole shareholder of both Aqua Pro and API. Defs. API, Debra Koons, and Nathan Koons' Mot. to Dismiss Ex. A. There is clearly a "common identity" between Aqua Pro and API. *See id.* And, while this identical ownership is enough to impute the forum selection clause of the Notes to API, Jetstream and Guzzler's complaint also suggests in its count for replevin that the collateral Aqua Pro refused to return is now possibly in the possession of API, which API's brief basically

14

concedes.[8] If this is the case, it would further suggest that API is a continuation of Aqua Pro. As such, Jetstream and Guzzler have made out a *prima facie* case that API was a successor corporation and continuation of Aqua Pro. The forum selection clause in the Notes therefore subjects API to personal jurisdiction and venue in Illinois.

**CONCLUSION AND ORDER**

For the foregoing reasons, the defendants' motions to dismiss for lack of personal jurisdiction and improper venue [#15 and 16] are denied.

Dated: February 22, 2010        Enter: _____

JOAN HUMPHREY LEFKOW
United States District Judge

---

[8] API's brief disputes Jetstream and Guzzler's claim that Aqua Pro refused to return the collateral, instead arguing that "the Plaintiffs refused to repossess due to the alleged non-payment." Regardless, API subsequently admits "that Equipment may have been utilized by API, either through a loan or sublease." Defs. API, Debra Koons, & Nathan Koons's Reply at 8-9.